UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE REQUEST OF SUSAN DEVINE FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 FOR THE LIECHTENSTEIN PRINCELY COURT | Case No. 1:22-mc-00133 |

**DECLARATION OF MATTHEW D. LEE IN SUPPORT OF *EX PARTE* REQUEST OF SUSAN DEVINE FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 FOR THE LIECHTENSTEIN PRINCELY COURT**

I, Matthew D. Lee, declare as follows:

1. I am a partner at the law firm of Fox Rothschild LLP. I submit this Declaration in support of Petitioner Susan Elaine Devine's ("Ms. Devine") *Ex Parte* Request for Judicial Assistance Pursuant to 28 U.S.C. § 1782 for the Liechtenstein Princely Court. I am over the age of 18, competent to testify, and make this Declaration based on my personal knowledge.

2. In a letter dated March 18, 2022, Vera Hasler of Marxer & Partner—Ms. Devine's counsel in Liechtenstein—summarized events relating to the criminal proceedings that were launched against Ms. Devine in Liechtenstein in 2015. A true and correct copy of this letter is attached as Exhibit A to Ms. Hasler's May 10, 2022, declaration. *See* Ex. A to May 10, 2022 Decl. of Vera Hasler Supp. Supp. *Ex Parte* Request of Susan Devine ("May 10, 2022, Hasler Decl.").

3. On or about December 3, 2015, authorities in Liechtenstein commenced "criminal proceedings . . . against Ms. Susan Devine on suspicion of money laundering according to § 165 of the Liechtenstein criminal code." Ex. A to May 10, 2022, Hasler Decl. ¶ 1.

4. The Liechtenstein criminal proceedings were initiated based on a suspicion report of Neue Bank AG (NB), Vaduz, in November 2015. Ms. Devine was a client of NB and had gold coins stored in a safe deposit box at NB. The investigation relates to allegations that the

gold coins were purchased from money that derives from the fraudulent actions of Ms. Devine's ex-husband, Florian Homm.  Ex. A to May 10, 2022, Hasler Decl. ¶ 2.

5. The Liechtenstein criminal proceedings are largely based on information obtained from Switzerland in connection with the Swiss criminal investigation into Ms. Devine's ex-husband, Florian Homm, and others, related to suspected money laundering.  Ex. A to May 10, 2022, Hasler Decl. ¶ 5.

6. On January 31, 2017, the United States Office of International Affairs received a request for legal assistance from the Liechtenstein Princely Court pursuant to a Mutual Legal Assistance Treaty ("MLAT").  The request related to Liechtenstein's criminal investigation of Ms. Devine relating to suspected money laundering.  A true and correct copy of an August 3, 2018, letter from the United States Department of Justice responding to Liechtenstein's MLAT request is attached as Exhibit C to Ms. Hasler's May 10, 2022, declaration.[1]

7. By letter dated February 10, 2022, Princely Judge Tatjana Nigg of the Liechtenstein Princely Court sent a letter addressed to a United States District Court Judge (who was believed to have jurisdiction), to one of Ms. Devine's Liechtenstein counsel, Vera Hasler, and to one of Ms. Devine's United States counsel, requesting the production of certain documents that have been marked confidential pursuant a Protective Order (Dkt. 64) entered in *Absolute Activist Value Master Fund Limited et al. v. Devine* (M.D. Fla., No. 2:15-cv-00328-JES-MRM).  A true and correct copy of the February 10, 2022, letter is attached hereto as Exhibit A.  *See also* May 10, 2022, Hasler Decl. ¶¶ 4, 6.

---

[1] Should the Court wish to review a copy of the 2017 MLAT request from the Liechtenstein Princely Court, counsel will promptly seek leave to file the document under seal, as it contains confidential information regarding an ongoing criminal investigation.

8. Because Judge Nigg's February 10, 2022, letter is drafted in German, Ms. Devine's counsel obtained a certified translation of the letter. A true and correct copy of the translated letter is attached hereto as Exhibit B.

9. On April 1, 2022, Ms. Devine's Liechtenstein counsel, Vera Hasler, obtained a certified copy of the February 10, 2022, letter from Judge Nigg of the Liechtenstein Princely Court. *See* May 10, 2022, Hasler Decl. ¶ 6.

10. The certified copy of the February 10, 2022, letter is identical in all respects to the non-certified copy of the February 10, 2022, letter that undersigned counsel had professionally translated. *See* May 10, 2022, Hasler Decl. ¶ 7.

11. Specifically, the February 10, 2022, letter from Judge Nigg requests production of the following:

> [T]hose documents declared as confidential to the US District Court of the Middle District of Florida, Fort Myers Division for the proceedings numbered 2:15-cv-328-FtM-29MRM and relating to the interrogation records of Glenn Kennedy, Ronald Tompkins and Darius Parsi, all enclosures to this interrogation, as well as documents for the information of the ACMH/Absolute Funds from the divorce of Susan Elaine Devine and her obtaining of assets in connection with the divorce, in particular relating to the ACMH shares and ACMH dividends.

Ex. B at 1.

12. The confidential documents requested by Judge Nigg of the Liechtenstein Princely Court are presently being held by counsel for the Funds[2] pursuant to an Order dated September 14, 2021, that was entered by Judge Steele in *Absolute Activist Value Master Fund Limited et al. v. Devine* (M.D. Fla., No. 2:15-cv-00328-JES-MRM (Dkt. 812) (the "Transfer Order").

---

[2] The Funds refers to the following entities: (i) Absolute Activist Value Master Fund Limited, (ii) Absolute East West Fund Limited, (iii) Absolute East West Master Fund Limited, (iv) Absolute European Catalyst Fund Limited, (v) Absolute Germany Fund Limited, (vi) Absolute India Fund Limited, (vii) Absolute Octane Fund Limited, (viii) Absolute Octane Master Fund Limited, and (ix) Absolute Return Europe Fund Limited.

13. The Transfer Order was stayed "pending further Order" of the Court, and the undersigned confirmed that the documents remain in the possession of the Funds' counsel. *See Absolute Activist Value Master Fund Limited et al. v. Devine* (M.D. Fla., No. 2:15-cv-00328-JES-MRM (Dkt. 816).

14. Specifically, on October 12, 2021, David Spears wrote to undersigned counsel confirming that Spears & Imes is in possession of the confidential documents that were mailed to Spears & Imes by the Middle District of Florida Clerk's Office on September 16, 2021 (*see* Dkt. 814). A true and correct copy of that correspondence is attached hereto as Exhibit C.

15. On May 2, 2022, Judge Steele ordered that the previously granted stay of the Transfer Order (*see* Dkt. 816) will be lifted at 6:00pm on May 16, 2022, unless otherwise ordered by the Eleventh Circuit Court of Appeals. *See Absolute Activist Value Master Fund Limited et al. v. Devine* (M.D. Fla., No. 2:15-cv-00328-JES-MRM (Dkt. 846). Thus, the documents remain in the possession of the Funds' counsel at least until May 16, 2022.

16. Pursuant to Local Civil Rule 6.1(d), and due to the limited, critical time frame involved and the possibility that the documents will be destroyed after May 16, 2022, an *ex parte* proceeding is necessary.

17. On March 28, 2022, the Federal Criminal Court of Switzerland issued a 332-page decision in connection with its investigation of Ms. Devine's ex-husband, Florian Homm, and others, for suspected money laundering. In that decision, the Swiss Court determined that the Funds were not victims of the alleged scheme involving Ms. Devine's ex-spouse, Florian Homm. A certified translation of select portions of that decision is attached hereto as Exhibit D.[3]

---

[3] Counsel is in possession of the full decision, which is drafted in French. Should the Court wish to review the original document, counsel will promptly provide the Court with a copy of the full decision.

4

     I declare under penalties of perjury that I have read the foregoing Declaration and that the facts stated in it are true.

Executed this 11th day of May, 2022, in Philadelphia, Pennsylvania.

                                              Matthew D. Lee