UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE REQUEST OF SUSAN DEVINE FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 FOR THE LIECHTENSTEIN PRINCELY COURT | Case No. 1:22-mc-00133 |

**DECLARATION OF VERA HASLER IN SUPPORT OF *EX PARTE* REQUEST OF SUSAN DEVINE FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 TO THE LIECHTENSTEIN PRINCELY COURT**

I, Vera Hasler, declare as follows:

1. I am an attorney at Marxer & Partner attorneys at law in Vaduz, Liechtenstein. I submit this Declaration in support of Petitioner Susan Elaine Devine's ("Ms. Devine") *Ex Parte* Request for Judicial Assistance Pursuant to 28 U.S.C. § 1782 to the Liechtenstein Princely Court. I am over the age of 18, competent to testify, and make this Declaration based on my personal knowledge.

2. Marxer & Partners attorneys at law are representing Ms. Devine in connection with criminal proceedings in Liechtenstein relating to suspicion of money laundering under § 165 of the Liechtenstein Criminal Code. The criminal proceedings against Ms. Devine were launched on or around December 3, 2015.

3. I confirm and adopt the information contained in my prior letters dated March 18, 2022, and March 23, 2022. True and correct copies of those letters are attached hereto as Exhibit A and Exhibit B, respectively.

4. On January 31, 2017, the United States Office of International Affairs received a request for legal assistance from the Liechtenstein Princely Court pursuant to a Mutual Legal Assistance Treaty ("MLAT"). The request related to Liechtenstein's criminal investigation of Ms. Devine relating to suspected money laundering referenced above. A true and correct copy

of an August 3, 2018, letter from the United States Department of Justice responding to Liechtenstein's MLAT request is attached hereto as Exhibit C.

5. By letter dated February 10, 2022, Princely Judge Tatjana Nigg of the Liechtenstein Princely Court sent a letter addressed to a United States District Court Judge (who was believed to have jurisdiction), to undersigned counsel, and to one of Ms. Devine's United States counsel, requesting the production of certain documents that had been marked confidential pursuant to a Protective Order (Dkt. 64) entered in *Absolute Activist Value Master Fund Limited et al. v. Devine* (M.D. Fla., No. 2:15-cv-00328-JES-MRM).

6. On April 1, 2022, I went to the Clerk's Office of the Liechtenstein Princely Court and obtained a certified copy of the February 10, 2022, letter from Princely Judge Tatjana Nigg. A true and correct copy of the certified letter is attached hereto as Exhibit D.

7. The certified copy of the February 10, 2022, letter is identical in all respects to the non-certified copy of the February 10, 2022, letter that Ms. Devine's United States counsel had professionally translated.

8. Based upon my experience, if the confidential documents requested by the Liechtenstein Princely Court are produced to that court, those documents would not be publicly available. As noted, the Liechtenstein Princely Court is conducting a criminal (not a civil) investigation. Thus, the Liechtenstein Princely Court would maintain the confidentiality of those documents according to the Liechtenstein criminal proceedings law.

I declare under penalties of perjury under the laws of the United States of America that I have read the foregoing Declaration and that the facts stated in it are true and correct.

Executed this 10th day of May, 2022, in Vaduz, Liechtenstein.

Vera Hasler