No. 21-13587-BB

IN THE

# United States Court of Appeals
# For the Eleventh Circuit

_____

ABSOLUTE ACTIVIST VALUE MASTER FUND LIMITED, ET AL.,

*Appellees,*

versus

SUSAN ELAINE DEVINE

*Appellant.*

_____

APPEAL FROM THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, NO. 2:15-CV-328-JES-MRM

**PLAINTIFF-APPELLEES' RESPONSE TO DEFENDANT-APPELLANT'S TIME-SENSITIVE MOTION TO STAY DISTRICT COURT'S ORDER PENDING APPEAL**

Dwayne A. Robinson, Esq.
Kenneth R. Hartmann, Esq.
Eric S. Kay, Esq.
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce De Leon Blvd., 9th Floor
Miami, Florida 33134

*Counsel for Appellees*

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to Rule 26.1-1(a)(2) of the Eleventh Circuit Rules, Appellees Absolute Activist Value Master Fund Limited, Absolute East West Fund Limited, Absolute East West Master Fund Limited, Absolute European Catalyst Fund Limited, Absolute Germany Fund Limited, Absolute India Fund Limited, Absolute Octane Fund Limited, Absolute Octane Master Fund Limited, and Absolute Return Europe Fund Limited (the "Appellees" or "Funds") set forth the trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that may have an interest in the outcome of this appeal and the case below, including subsidiaries, conglomerates, affiliates and parent corporations, including publicly held corporations that own 10% or more of any party's stock and other identifiable legal entities related to a party:

1.  Absolute Activist Value Master Fund Limited

2.  Absolute East West Fund Limited

3.  Absolute East West Master Fund Limited

4.  Absolute European Catalyst Fund Limited

5.  Absolute Germany Fund Limited

6.  Absolute India Fund Limited

7.  Absolute Octane Fund Limited

8.  Absolute Octane Master Fund Limited

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

9.  Absolute Return Europe Fund Limited

10. ACM Equity Limited

11. ACMH Limited

12. Basurto, Geovany Barrezueta

13. Bedell, Dittmar, DeVault, Pillans & Coxe, P.A.

14. Burr & Forman, LLP

15. Carry Stock SL

16. Ciel Blue, LLC

17. Ciel Horizons Trust

18. Comisky, Ian, Esq.

19. Devine, Isabella

20. Devine, Susan Elaine

21. Dysard, Christopher, Esq.

22. Fox Rothschild, LLP

23. Hartmann, Kenneth, Esq.

24. Homm, Florian

25. Imes, Linda, Esq.

26. Kay, Eric S., Esq.

27. Keefe, Reed, Esq.

28. Kozyak Tropin & Throckmorton, LLP

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

29. Leo Propiedades SL

30. Lile, Laird A.

31. Malon Consulting AG

32. McCoy, Mac R. (Magistrate Judge, Middle District of Florida)

33. Orion Corporate & Trust Services, Ltd.

34. Palermo, Alexandra Haddad

35. Robinson, Dwayne, Esq.

36. Ronzetti, Thomas, Esq.

37. Schifino, William, Jr., Esq.

38. Schoeppl Law, P.A.

39. Schoeppl, Carl, Esq.

40. Spears & Imes, LLP

41. Spears, David, Esq.

42. Steele, John (Senior District Judge, Middle District of Florida)

43. Stiftung, Brek

44. Stiftung, Hosifa

45. Susan E. Devine Rev Trust

46. Tucker Ronzetti, PA

47. Vatulele SL

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

## **APPELLEES' CORPORATE DISCLOSURE STATEMENT**

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: May 13, 2022.

Appellant Susan Devine has delayed for more than four years her obligation to return—without restriction—the Appellee-Funds' own confidential materials. The Funds fulfilled their obligation to destroy or return Devine's confidential materials more than four years ago. The district court's stay entered in September 2021, which Devine seeks to extend here, is just the latest of many stays she has obtained. The district court, however, has finally refused to allow Devine's manipulation of the judicial system to continue. This Court should do the same.

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009).  That is why this Court has even denied stays of the executions of prisoners who have appeals pending. *See, e.g.*, *Woods v. Comm'r, Ala. Dep't of Corrs.*, 951 F.3d 1288, 1295 (11th Cir. 2020) (William Pryor, J.); *id.* at 1296 (Rosenbaum, J., concurring in judgment).

Here, Devine's motion falls far short of showing harm—much less irreparable harm. The Funds produced approximately 624,291 documents to Devine in this action. ECF No. 692 at p. 28 (¶ 81). The Funds designated 5,456 documents as "confidential" pursuant to the district court's protective order. *Id.* In her four-year quest to hold onto the Funds' confidential materials (including in her Motion to Stay), Devine has never identified how any document is necessary for her defense in foreign proceedings. Nor has she explained whether the same information could be obtained elsewhere.

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

Devine's desire to simply hold onto the Funds' documents, thereby forcing the Funds to expend many thousands of dollars over the last four years to stop her, is not an irreparable harm. It is retribution. Devine is prolonging these proceedings to punish the Funds for suing her for hiding millions stolen from them by her "ex"-husband in a stock manipulation scheme. *See Absolute Activist Value Master Fund Ltd. v. Devine*, 826 F. App'x 876, 878 (11th Cir. 2020) ("*Devine I*").

The most important question facing this Court, though, is whether Devine has a substantial likelihood of prevailing on the merits of her appeal. *See Jones v. Comm'r, Ga. Dep't of Corrs.*, 811 F.3d 1288, 1292 (11th Cir. 2016). Not only do her past appeals evidence that she does not, but her positions set forth in her Motion to Stay confirm it.

As for her past appeals, since the Funds' dismissal of the underlying action in February 2018, Devine has filed five appeals to this Court and two appeals to the United States Supreme Court. She lost every one of her adjudicated appeals so far.

Her new contentions are likewise meritless. For instance, Devine contends that the protective order allows her to maintain possession of the Funds' confidential information for years after dismissal despite this Court's holding that the underlying action ended in February 2018. *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1264 (11th Cir. 2021) ("*Devine II*") ("[W]e conclude that the Funds' voluntary dismissal of ***the action*** stripped the District Court of jurisdiction .

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

. . .” (emphasis added)). The protective order provides: “At the conclusion of this litigation (including any appeals)” the confidential materials must be destroyed or returned “within sixty (60) days after the conclusion of the litigation.” ECF No. 64 at p. 8 (¶ 18).

Devine would have this Court construe the phrase “the litigation” to mean something other than “the action.” As such, per her reading, although the action ended in February 2018, the litigation somehow continued (and ***continues***) four years later. And, per Devine, she can continue to hold onto the Funds’ confidential materials if she keeps filing new appeals. That is contrary to rules of construction. *See Devine II*, 998 F.3d at 1268 (“[W]e treat a stipulated order as though it is a contract.”); *Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 722 (5th Cir. 1975) (“It is elementary contract law, however, that a contract should not be construed to yield absurd results[.]”).

The blatant gamesmanship must come to an end. There is no principled reason to grant the Motion to Stay for the present appeal and not for every single one that Devine has filed or will file. The question before this Court is whether Devine has met her burden to show irreparable harm and, most importantly, a substantial likelihood to succeed on the merits. On this record, she has not. Her motion should be denied.

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

## Factual Background

1.      The Funds filed six claims against Devine. ECF No. 2.

### *The District Court Enters the Protective Order*

2.      Upon finding good cause, the district court adopted a protective order for the handling, return, and destruction of confidential materials. ECF No. 64.

3.      The protective order defines its scope:

> Except as otherwise provided in this Protective Order, ***information or documents designated as Confidential*** by a Party under this Protective Order ***shall not be used or disclosed <u>by any receiving party</u>*** or their counsel or any persons identified in Paragraph 1 or 9 for any purposes whatsoever other than preparing for and conducting the litigation in this lawsuit (including any appeals).

ECF No. 64 at pp. 3-4, ¶ 8 (emphasis added). The protective order thus restricts the use of confidential materials for the party who receives confidential materials—it does not place ongoing obligations on the propounding party related to its own documents or information. Nor does it do so after the conclusion of the litigation, especially after the receiving party's copies of those materials are returned or destroyed pursuant to that very same order.

4.      Although it does not apply here, the protective order provides a mechanism for the receiving party to disclose confidential materials to a "court" or a "criminal authority." *Id.* at p. 6, ¶ 14.

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

5.     The protective order further provides for an end to the oversight of confidential materials: "[a]t the conclusion of this litigation (including any appeals) all material designated Confidential . . . shall either be destroyed or returned to the designating Party, within sixty (60) days after the conclusion of the litigation." ECF No. 64 at p. 8, ¶ 18. No provision allows for the reversion of those materials back to the non-designating party. *See generally* ECF No. 64.

6.     The Funds and Devine exchanged Confidential materials. Although Devine claims that the Funds have a "history" of resisting discovery, Motion to Stay at 18, the Funds produced 44 times the documents than Devine had. *Devine II*, 998 F.3d at 1263.

### The Funds Dismiss the Underlying Action

7.     On February 14, 2018, the Funds dismissed their action against Devine. ECF No. 680. Although unnecessary—as the Eleventh Circuit's *Devine II* opinion confirms—the district court entered an order of dismissal without prejudice in light of the Rule 41 dismissal on February 21, 2018. ECF No. 682.

8.     In her Motion to Stay, Devine states that there had been an earlier appeal pending as of February 14, 2018, which sought an injunction against Devine's assets. *Absolute Activist Value Master Fund v. Devine*, No. 17-13364 (11th Cir.) ("*Injunction Appeal*"). But Devine fails to tell this Court that the Funds moved to dismiss that appeal **on February 14, 2018**, the same date the Funds voluntarily

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

dismissed the underlying action. *Compare* Motion to Stay at 4 n.9 *with* Motion to Voluntarily Dismiss Appeal, *Injunction Appeal* (Feb. 14, 2018). The Court Clerk granted that motion on February 20, 2018. Order, *Injunction Appeal* (Feb. 20, 2018).

9.     Even utilizing the later date of February 20, 2018, the deadline to destroy or return the Funds' confidential information was April 21, 2018, 60 days following the dismissal of the *Injunction Appeal*.

### Devine's Attempt to Modify the Protective Order

10.     Devine moved to modify the protective order to retain the confidential materials on April 20, 2018. ECF No. 686. In the present appeal, however, Devine's initial brief did not contend that her modification motion (or any other motion) could have tolled the deadline to return or destroy the Funds' confidential materials. *See* Brief for Defendant-Appellant (Dec. 27, 2021). In light of Devine's burden to show she is substantially likely to prevail on the merits, that issue is waived. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

11.     Devine requested the modification of the protective order so that she could allegedly utilize the Funds' confidential materials in her defense in Switzerland (where she was never charged with anything) and other proceedings. ECF No. 836. But despite holding onto the Funds' confidential information for years after April 2018, Devine never told the district court which confidential materials would assist her and how. *E.g.*, ECF Nos. 686, 697, 744, 756, 759, 767.

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

12.     The magistrate judge denied Devine's modification request. ECF No. 743. The magistrate judge also purported to modify the protective order by, *inter alia*, extending the return-or-destroy deadline until 60 days following the resolution of Devine's motion for attorney's fees and costs that was filed on July 25, 2018, months after the protective order's deadline. *Id.* at 7; ECF No. 713. *Devine I* was Devine's appeal of an order denying her request for attorney's fees.

13.     Devine continued to press her demands for a modification by filing an objection with the district court. ECF No. 744. To resolve her requests to modify the protective order, the Funds then offered to retain their own confidential materials until the Swiss proceedings were concluded. *See* ECF No. 773 at p. 2.

14.     In January 2020, the district court overruled Devine's objections but purported to modify the protective order in at least two respects. ECF No. 794. Specifically, the district court ordered Devine to comply with the return-or-destroy requirement within 14 days of its order, despite that her deadline to comply had expired in April 2018. *Id.* at p. 20, ¶ 3. The district court also "accept[ed]" the Funds' offer and provided: "Plaintiffs shall retain their copy of the Confidential information until the conclusion of the Swiss proceedings so that those materials will be available should the Swiss seek to obtain them." *Id.* at 19, 20.

15.     In her Motion to Stay, Devine contends that the Funds cannot be prejudiced because they had agreed to retain their materials until the Swiss

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

proceedings had concluded. Motion to Stay at 19-20. But Devine never tells this Court that the order requiring the Funds to retain those materials was vacated by *Devine II*. 998 F.3d at 1269. Moreover, the proceedings before Switzerland's Federal Criminal Court ended more than a year ago. *See, e.g.*, *Swiss Court Convicts German Financier Homm in Long-Running Fraud Case*, Reuters (April 23, 2021), https://www.reuters.com/article/swiss-court/update-1-swiss-court-convicts-german-financier-homm-in-long-running-fraud-case-idUSL1N2MG1I5 (last visited May 12, 2022). (Devine's estoppel argument is thus baseless.)

**Devine II*: Devine Appeals Her Modification Request Denial*

16.    Following the denial of Devine's modification request, she appealed.

17.    Devine moved to stay the district court's order to return or destroy the Funds' confidential materials. ECF No. 796. In her motion, Devine recognized that the district court's order required her to return or destroy the documents in 14 days—before the conclusion of her then-pending appeal in *Devine I. Id.* at 5 ("[T]he Order appears to require Ms. Devine to comply with the destroy-or-return requirement by January 24, 2020."). She also explained that she intended to appeal the order requiring the two-week return of those materials. *See id.* at 6 ("Ms. Devine is appealing the Order on the ground[] that, *inter alia*, it . . . *sua sponte* nullifies the provision in the Protective Order that explicitly permits the parties to delay

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

compliance with the destroy-or-return requirement until sixty days after the conclusion of any appeals in this matter . . . .").

18. In Devine's appeal of the order denying her request to modify the protective order (i.e., *Devine II*), however, she **never** objected to the district court's order that required Devine to turn over the Funds' confidential materials by January 24, 2020. *See* Brief of Def.-Appellant, *Absolute Activist Value Master Fund Ltd. v. Devine*, No. 20-10237-DD (11th Cir. Apr. 29, 2020) (including no such argument). As the Funds explained in the present appeal, the law-of-the-case doctrine prevents Devine from even contesting that issue in the present appeal. Brief for Appellees at pp. 16-17. Based on this Court's binding precedent, the district court's unchallenged determination that the Funds' materials could be returned before the end of all collateral appeals became law of the case. *Id.*

19. As to Devine's request for a stay of the January 2020 order, the district court denied that request and, instead, ordered Devine to turn over her copies of the Funds' confidential materials to the district court's clerk of court by January 24, 2020 "pending the appeal," rather than provide them directly to the Funds. ECF No. 799:3-4. The order read: "The Clerk's office shall maintain the documents under seal pending further order of this Court." *Id.* at 4.

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

### *This Court Issues* **Devine II**

20.     This Court vacated the district court's January 2020 modifications of the protective order, holding that it lacked jurisdiction. *Devine II*, 998 F.3d at 1264 ("[W]e conclude that the Funds' voluntary dismissal of the action stripped the District Court of jurisdiction to consider Devine's motion to modify the protective order, and, as a result, we vacate the District Court's order . . . ."), *cert. denied*, 142 S. Ct. 1513 (Mar. 28, 2022).

21.     Therefore, although the Funds had initially believed the action had concluded on February 20, 2018, *see* Motion to Stay at 4 n.9 (criticizing the Funds for alleged contradictory positions), *Devine II* set the law of the case that this action ended on February 14, 2018. The Funds, Devine, and later panels of this Court are thus bound by *Devine II*'s holding, not earlier misconceptions.

22.     Devine later filed a petition for certiorari with the U.S. Supreme Court. (By that time, the Supreme Court had denied Devine's request for review of *Devine I. See* 141 S. Ct. 2468 (Apr. 2, 2021).)

### *The District Court Returns the Funds' Materials But Stays Their Destruction*

23.     Following the mandate, the district court vacated its January 2020 order overruling Devine's objections as well as the magistrate judge's order that initially denied Devine's motion to modify the protective order. ECF No. 812.  The district

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

court also returned to the Funds their Confidential materials on file with the clerk of court for destruction. *Id.*

24.    Devine then moved to stay that order allowing the destruction of the Funds' own confidential materials pending her Supreme Court petition in *Devine II* as well as another appeal she intended to file from the district court (i.e., the present appeal). ECF No. 813. The district court granted that stay on September 28, 2021, prohibiting the Funds' from destroying their own materials and requiring Devine to update the district court regarding the Supreme Court petition. ECF No. 816.

25.    Devine then appealed the district court's order allowing the return and the destruction of the Funds' confidential materials. ECF No. 817. That was her *third* post-dismissal appeal to this Court.

26.    The Funds moved to dismiss that appeal as frivolous. But contrary to Devine's assertion, this Court made no statements that the instant appeal "presents a significant question on the merits." Motion to Stay at 12.

### *A Liechtenstein Judge Requests <u>All</u> of the Funds' Confidential Materials*

27.    In February 2022, Devine requested the Funds provide her their confidential materials so that she could purportedly provide them to a Liechtenstein judge who wrote a letter to Devine and the district court requesting all the materials. *See* ECF No. 822-4 at p. 2.

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

28.     The Funds objected to sending their confidential materials to Devine but nevertheless sought to evaluate the request. ECF No. 822-5 at p. 1. The Funds requested Devine provide the pleadings from the Liechtenstein proceedings to evaluate what, if any, relevance the requested materials would have to those proceedings. *Id.* at 1-2.

29.     Devine's counsel never responded to the request beyond claiming that, pursuant to the protective order, the Funds had no ability to object to Devine's request. ECF No. 830-1 at ¶ 3.

30.     After receiving the Liechtenstein request, Devine waited nearly a month before filing her motion for relief from the district court.

31.     The motion included no evidence or pleadings that described the nature of the Liechtenstein proceedings (besides references to "gold coins") or why the Funds' confidential materials were relevant to those proceedings. ECF No. 822. Devine mainly relied on attorney argument by her U.S. and Liechtenstein counsel, all of which had been unsworn. *Id.*; ECF Nos. 822-1 – 822-6.

32.     Devine's motion explicitly demanded the deposition transcripts of Glenn Kennedy, Ronald Tompkins, and Darius Parsi. *See* ECF No. 822 at p. 7. However, a review of the unredacted versions of those transcripts showed no references to the words "gold" or "coin" and only three references to "Liechtenstein"

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

(or as spelled "Lichtenstein"), in which all instances simply referred to the country in which one entity was founded. ECF No. 830-1 at pp. 3-4 (¶ 3).

33.     Moreover, the requested transcript of Darius Parsi has only two pages that appear to be designated confidential. ECF No. 845 at p. 9. Those two pages only discuss the names of Parsi's brothers, mother, father, wife, and children. *Id.* That's it. Devine has not explained why the names of Parsi's family are relevant to her alleged Liechtenstein defense or why she is unable to obtain that information from any other source besides the Funds' confidential materials.

### *Devine Moves for Another Stay of the Protective Order After the Supreme Court's Denial of Certiorari in* Devine II

34.     Then, on March 28, 2022, the Supreme Court denied Devine's petition for certiorari as to *Devine II* following full briefing. 142 S. Ct. 1513.

35.     Devine filed an "emergency" motion to extend the September 28, 2022, stay order. *See* ECF No. 834; *see also* ECF No. 839. When the Funds' counsel met and conferred with Devine's counsel regarding that motion to inquire whether the parties could reach an agreement, Devine's counsel refused to disclose to the Funds' counsel any particular documents Devine needed or why she needed them. *See* Declaration of D. Robinson (May 13, 2022), attached here as **Exhibit A**.

### *The District Court Denies Devine's Latest Requests*

36.     The district court denied Devine's request to order the Funds to turnback over their confidential materials to Devine. ECF No. 842. The district court

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

noted that the protective order gives a party the option to disclose confidential

materials to third parties—it does not "*require*" a party to do so. *Id.* at 5 (emphasis

in original). The district court also found that "[n]othing" supports Devine's theory

that the Funds were bailees or trustees for Devine of the Funds' own confidential

materials. *Id.*

37.     But there were additional reasons for denial of the Liechtenstein request

that the district court's order did not address. For instance, this Court held in

*Devine II* that the district court lacked jurisdiction to modify the protective order

after the Rule 41(a) dismissal. Devine sought an order requiring a return of the

Funds' confidential materials back to her, but there was no provision in the

protective order authorizing a reversion of documents back to the non-disclosing (or

receiving) party of confidential materials. Thus, although styled as a motion to

"enforce" the protective order, Devine's motion sought to modify it.

38.     The protective order also did not apply to the confidential materials at

issue. By its terms, the protective order regulated how confidential materials would

"be used or disclosed ***by any receiving Parties or their counsel***," among others. ECF

No. 64 at p. 3 (¶ 8) (emphasis added). In other words, the protective order did not

regulate the use or disclosure of the ***propounding*** parties' own confidential materials

that were in the ***propounding*** parties' own possession. (That is, presumably, why

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

Devine asserted that the Funds were bailees or trustees for her, which the district court rejected.)

39.     Devine appealed the order denying her request related to the Liechtenstein proceedings. ECF No. 843 (the "Liechtenstein Appeal").

40.     The district court also denied Devine's motion for an extended stay, giving her two weeks to seek relief with this Court, i.e., by 6 p.m. on May 16, 2022. ECF No. 846.  Devine appealed that order also, making that her fifth appeal since the Rule 41(a) dismissal. ECF No. 847.

41.     Devine waited eight days before filing her Motion to Stay in this Court. A day later, on May 11, 2022, at 4:24 p.m., this Court gave the Funds notice that they had to respond to Devine's belated motion by 10 a.m. on May 13, 2022, in less than two full business days.

42.     But Devine is not relying on this Court to grant her relief. On May 11, 2022, she filed yet another action (and an 18-page legal memorandum) to obtain the Funds' confidential materials in the Southern District of New York.  *See Unknown Plaintiff v. Unknown Defendant*, No. 1:22-mc-133 (S.D.N.Y. May 11, 2022), Docket Entry Nos. 1 & 3 (action pursuant to 28 U.S.C. § 1782). Devine has thus sought to contest the district court's determinations—not only before ***this Court***—but before the Southern District of New York.

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

## Argument

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'" *Nken*, 556 U.S. at 433. "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

Devine must show:

> (1) a substantial likelihood that [she] will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury . . . unless the [stay] is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest.

*Florida v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1301-02 (11th Cir. 2021).

### Substantial Likelihood of Success on the Merits

The most important factor is whether the movant can show a substantial likelihood of success on the merits. *See Jones*, 811 F.3d at 1292. "'[M]ore than a mere "possibility" of relief is required.'" *Nken*, 556 U.S. at 434. "'[T]he "possibility" standard is too lenient.'" *Id.* Devine has failed to show a substantial likelihood she will succeed on the merits on either her present appeal or the Liechtenstein Appeal.

### 1.    The Present Appeal

The crux of Devine's present appeal is that this Court re-wrote the confidentiality order by allowing the immediate return of Funds' confidential

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

materials. *See* Brief for Defendant-Appellant at 33 ("Devine's Brief"). Devine insists

that the district court clerk is required to hold onto the Funds' confidential materials

in perpetuity so long as she keeps filing appeals from this case. *See id.* Devine's

position is irrational and incorrect.

The plain language of the confidentiality order contradicts Devine's

contention. The order reads in relevant part: "At the conclusion of this litigation

(including any appeals), all material designated Confidential pursuant to the terms

of this Protective Order shall either be destroyed or returned to the designating Party,

within sixty (60) days after conclusion of the litigation." ECF No. 64 at p. 8 (¶ 18).

In *Devine II*, this Court held that the "***action***" concluded on February 14, 2018. 998

F.3d at 1269 (emphasis added). That holding is the law of the case. It is absurd to

construe the protective order as providing that the action ended on February 14, 2018

***(or at the latest, February 20, 2018)***, but that the "litigation" continued for four

more years. Devine apparently also believes that the word "litigation" in the

protective order means "collateral matters" or that she could forever forestall her

compliance with the confidentiality order by perpetually filing new appeals.

Moreover, even if this Court were to construe the litigation as ending on

February 20, 2018 (the date *Injunction Appeal* was dismissed), that means the

deadline to return or destroy the Funds' confidential materials was April 21, 2018—

four years ago. The district court could not have erred (or modified the protective

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

order) by allowing the return and destruction of the Funds' confidential materials in September 2021. Even if Devine believed her later post-dismissal motions could toll (or extend) that deadline, she did not raise that contention in her initial brief, so that argument is waived. Her contentions are also waived under the law of the case doctrine because she did not challenge in *Devine II* the district court's construction of the protective order as permitting a return of confidential materials before resolution of all post-dismissal appeals.

Nor did the district court violate the mandate in *Devine II*, as Devine has asserted on appeal, by ordering the return of the Funds' own materials to the Funds or by taking any further action. Devine argues that the district court could do nothing following the *Devine II* mandate. Devine's Brief at 36. But the cases Devine presented to this Court on that issue held that this Court's mandates have explicit and implicit requirements. *See, e.g.*, *Piambino v. Bailey*, 757 F.2d 1112, 1122 (11th Cir. 1985) (holding that the trial court erred on remand by ***not*** taking actions "***implicit*** in the panel's decision" but that were unexpressed in the mandate or the Court's opinion (emphasis added)); Devine's Brief at p. 38. It was, thus, not error (much less, reversible error) for the district court to have taken actions consistent with the *Devine II* mandate. Finally, no reading of *Devine II* leads to a conclusion that this Court required, desired, or even anticipated that the clerk of court would indefinitely hold the Funds' confidential materials. 998 F.3d at 1267.

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

### 2.    *The Liechtenstein Appeal*

For the same reasons, and more, Devine is not likely to prevail in the Liechtenstein Appeal. Again, the plain language of the protective order defeats Devine's assertions. The protective order does not "***require***" a party to turnover confidential materials to third parties; it simply permits a party to do so. (The Funds declined.) Further, there is "nothing" to support Devine's contention that the Funds are bailees or trustees for Devine. Her motion to stay does not even attempt to explain that argument. The district court also correctly resisted the urge to re-write the protective order to require a reversion of documents to the non-propounding party. The district court rightly did not construe the protective order as regulating the treatment or disclosure of a party's own confidential records in that party's own possession.

The protective order's provision allowing for a production of confidential materials pursuant to a "request" from a criminal authority is inapplicable for another reason. ECF No. 64 at p. 6, ¶ 14. Paragraph 14 of the protective order uses different terminology for a "court" and a "criminal authority." *Id.* While information subject to the protective order may be provided to a "criminal authority" "pursuant to a request for information," information provided to "any court" is made "pursuant to any other form of legal process." *Id.* In interpreting contracts, "the use of different language in different contractual provisions strongly implies that a different meaning

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

was intended." *Fowler v. Gartner*, 89 So. 3d 1047, 1048 (Fla. 3d DCA 2012). That

belies the notion that the district court should have treated the Liechtenstein court as

a "criminal authority" from which a simple "request" would suffice. ECF No. 64 at

p. 6, ¶ 14.

### *Irreparable Harm*

After four years, neither the district court, the Funds, nor this Court know

which confidential materials Devine seeks and why. Devine brushes this fact off in

a footnote. Motion to Stay at 19 n.17. Devine claims that she cannot describe the

confidential documents because of the protective order. *Id.* Hogwash. The protective

order expressly allows that "[d]isclosure may be made to the Court and its

employees." ECF No. 64 at p 4 (¶ 9(ii)). Devine could certainly make those

disclosures under seal. She never has, even though she had the Funds' confidential

information for years.

Devine could also have generally described the category of documents she

needs or the description of the materials without disclosing their contents. That is

the same way the Funds described the confidential information in Darius Parsi's

deposition but without disclosing the actual names of his relatives. Devine's defense

is also belied by the fact that even in meet and conferrals with the Funds' counsel,

Devine's counsel has repeatedly failed to disclose which documents she needs or

why. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) ("[T]he

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'").

Devine has failed to show that she will suffer irreparable harm by the denial of her motion to stay. In fact, she has already filed other proceedings in New York to obtain these records—proceedings she never disclosed to this Court.

The record is bereft of any understanding as to what the Liechtenstein proceedings are truly about or the relevance of the Funds' confidential records, including whether the same information can be obtained elsewhere. All three deposition transcripts Devine requested for the Liechtenstein proceedings say nothing of "gold" or "coins" and have three scant references to 'Liechtenstein.'

The potential mootness of her appeals does not establish irreparable harm. *Cf., e.g.*, *Viyella v. Fundacio Nicor*, 2020 WL 3315904, at *5 (S.D. Fla. Apr. 23, 2020) ("A majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm." (brackets omitted)). If the mere pendency of an appeals were sufficient, then death row inmates would always receive a stay from this Court. They don't. Neither should Devine. Moreover, if Devine's rationale holds, then Devine could simply keep filing appeal after appeal to prevent full compliance with the protective order.

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

### *Prejudice to the Funds*

Another stay of the protective order's obligations would prejudice the Funds, who complied with the protective order four years ago. The Funds had initially agreed to hold onto its own materials until the end of the Swiss Criminal Court proceedings, but the order that required them to do so has been vacated and those Swiss proceedings ended a year ago—without any charges for Devine. The Funds are caught in an intractable fight that is draining the last remaining resources that Devine's "ex-"husband had not stolen in his stock manipulation scheme.

### *Public Interest*

The public has zero interest in Devine getting her hands on the Funds' confidential materials. The public interest is served by protective orders (including this one) being adhered to even after litigation ends. Devine's tactics will only dissuade future litigants (and judges) from agreeing to or approving protective orders.

### <u>Conclusion</u>

This Court should deny Devine's request for a stay. The most important factor (a substantial likelihood of success on the merits of her appeal) weighs against her as do the others. This Court should put a stop to Devine's transparent attempts to burden every level of the federal judiciary—and now multiple jurisdictions—with

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

her gamesmanship and ceaseless attempts "to run off and violate protective orders

without facing the threat of sanctions." *Devine II*, 998 F.3d at 1268.

Respectfully submitted,

By:*/s/ Dwayne A. Robinson, Esq.*
Dwayne A. Robinson, Esq.
drobinson@kttlaw.com
Kenneth R. Hartmann, Esq.
krh@kttlaw.com
Eric S. Kay, Esq.
ekay@kttlaw.com
**KOZYAK TROPIN &
THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL 33134
Telephone:  (305) 372-1800

*Counsel for Appellees*

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

## CERTIFICATE OF COMPLIANCE

1.      This response complies with the type-volume limitation of Fed. R.

App. P. 32(a)(7)(B) because it contains 5,166 words, excluding the parts of the

brief exempted by Fed. R. App. P. 32(f).

2.      This response complies with the typeface requirements of Fed. R.

App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)

because it has been prepared in a proportionally spaced typeface using Microsoft

Word for Microsoft Office 365 ProPlus in 14-point Times New Roman type style.

By: /s/ Dwayne A. Robinson
Dwayne A. Robinson, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 13, 2022, a true and correct copy of the

foregoing was filed with this Court and served on all parties identified on the

service list below by filing with the Court's CM/ECF system.

By: /s/ Dwayne A. Robinson
Dwayne A. Robinson, Esq.

24

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

## SERVICE LIST

**Via CM/ECF**

SCHOEPPL LAW, P.A.
Carl F. Schoeppl
4651 North Federal Highway
Boca Raton, Florida 33431-5133
Phone: (561) 394-8301
Fax: (561) 394-3121
carl@schoeppllaw.com

FOX ROTHSCHILD LLP
Ian M. Comisky
Matthew D. Lee
2000 Market Street, 20th Floor
Philadelphia PA 19103
Phone: (215) 299-2795/2765
Fax: (215) 299-2150
icomisky@foxrothschild.com
mlee@foxrothschild.com
Attorneys for Defendant-Appellant
Susan Elaine Devine

**Via CM/ECF**

SPEARS & IMES LLP
David Spears
Linda Imes
Christopher Dysard
Reed Keefe
51 Madison Ave
New York, NY 10010
Telephone: (212) 213-6996
Facsimile: (212) 213-0849
Email: dspears@spearsimes.com
limes@spearsimes.com
cdysard@spearsimes.com
rkeefe@spearsimes.com

# Exhibit A

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### CASE NO. 21-13587-BB

ABSOLUTE ACTIVIST VALUE MASTER
FUND LIMITED, ABSOLUTE EAST WEST
FUND LIMITED, ABSOLUTE EAST WEST
MASTER FUND LIMITED, ABSOLUTE
EUROPEAN CATALYST FUND LIMITED,
ABSOLUTE GERMANY FUND LIMITED,
ABSOLUTE INDIA FUND LIMITED,
ABSOLUTE OCTANE FUND LIMITED,
ABSOLUTE OCTANE MASTER FUND
LIMITED, and ABSOLUTE RETURN
EUROPE FUND LIMITED,

     Appellees,

v.

SUSAN ELAINE DEVINE,

     Appellent.

_____/

### DECLARATION OF DWAYNE A. ROBINSON, ESQ.

1.     I, Dwayne A. Robinson, Esq., make this declaration pursuant to 28 U.S.C. § 1746.

2.     I am over the age of 18, competent to provide testimony, and make this Declaration based on my personal knowledge.  I am a partner at the law firm of Kozyak, Tropin & Throckmorton LLP and am one of the attorneys representing the

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

Appellees Absolute Activist Value Master Fund Limited, Absolute East West Fund Limited, Absolute East West Master Fund Limited, Absolute European Catalyst Fund Limited, Absolute Germany Fund Limited, Absolute India Fund Limited, Absolute Octane Fund Limited, Absolute Octane Master Fund Limited, and Absolute Return Europe Fund Limited (the "Funds").

3.      On April 11, 2022, I, along with my colleague Mr. Eric Kay, Esq., met and conferred with counsel for Appellant Susan Devine about her request to extend the district court's September 2021 stay. Devine had filed her motion days earlier on April 5, 2022. ECF No. 834. Mr. Ian Comisky, Esq., was one of Devine's attorneys on the meet and confer conference call.

4.      During the call, I asked Devine's counsel which specific documents Devine is seeking. Devine's counsel would not identify a single document in response; instead, her counsel demanded all of the Funds' confidential materials. Devine's counsel stated that the documents were exculpatory for her but would not otherwise explain how the materials would assist Devine in her defense in Liechtenstein (or elsewhere).

*Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB

## DECLARATION PURSUANT TO 28 U.S.C. § 1746

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Executed this 13th day of May, 2022, in Broward County, Florida.

_____
Dwayne A. Robinson