UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                        :

*In Re Request of Susan Devine for Judicial*      :                22-MC-133 (VSB)
*Assistance pursuant to 28 U.S.C. § 1782 for*   :
*the Liechtenstein Princely Court.*            :           **OPINION & ORDER**
                                                         :
                                                         :
-------------------------------------------------------X

Carl Francis Schoeppl
Schoeppl Law P.A.
Boca Raton, FL

Matthew David Lee
Fox Rothschild LLP (PA)
Philadelphia, PA
*Counsels for Petitioner*

David Spears
Spears & Imes, L.L.P.
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

       This is a request for judicial assistance pursuant to 28 U.S.C. § 1782.  Before me are (1) a

motion for judicial assistance filed by Petitioner Susan Devine ("Devine" or "Petitioner"), (Doc.

1); and (2) a motion to intervene and motion to transfer this case to the Middle District of

Florida, filed by nine hedge funds incorporated in the Cayman Islands (the "Funds") that were

the plaintiffs in a lawsuit filed against Devine in the Middle District of Florida, (Doc. 13).  For

the reasons stated herein, the Funds' motion to intervene and transfer the case is GRANTED.  It

is hereby ORDERED that (1) this matter be remanded to the Middle District of Florida, Fort

Myers Division, with a recommendation that the case be referred to Judge John E. Steele as

related to *Activist Value Master Fund Ltd. et al. v. Devine*, No. 2:15-cv-328 (M.D. Fla.), and (2)

Spears & Imes LLP preserve the documents at issue pending a decision by the U.S. District Court of the Middle District of Florida.

## I.    **Factual Background**[1]

This case appears to have a lengthy and tortuous procedural history in the Middle District of Florida and the Eleventh Circuit.  (*See generally* Pet'r's Mem.;[2] *Devine*, No. 2:15-cv-328 (M.D. Fla.).)  I recite only what is necessary to understand the motion at issue and to provide context for my decision.  On June 1, 2015, the Funds sued Florida resident Devine in the Middle District of Florida for securities fraud under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d).  (*See* Pet'r's Mem. ¶ 4.)  On July 30, 2015, the judge assigned to the case, Judge John E. Steele, entered a protective order, signed by counsel for the parties, which provided that "[a]t the conclusion of this litigation (including any appeals) all material designated Confidential pursuant to the terms of this Protective Order shall either be destroyed or returned to the designating Party, within sixty (60) days after the conclusion of the litigation."  (*Id.* ¶¶ 5, 8; *see also* Doc. 64 ("Protective Order") ¶ 18, *Devine*, No. 2:15-cv-328 (M.D. Fla. July 30, 2015).)

On February 14, 2018, the Funds filed a notice of voluntary dismissal.  (*See* Pet'r's Mem. ¶ 9.)  However, despite the dismissal, Devine has continued to pursue various interlocutory appeals to the Eleventh Circuit, delaying the conclusion of the litigation and thus also delaying the return of the Funds' confidential documents.  (*See id.* ¶¶ 10, 12, 16, 19.)  On January 22, 2020, Judge Steele ordered Devine to deposit her copy of the Funds' confidential documents

---

[1] I make no findings of fact in this section, but merely provide the history of this action for background purposes and to provide context.

[2] "Pet'r's Mem." refers to Petitioner's memorandum of law in support of her request pursuant to 28 U.S.C. § 1782. (Doc. 3.)

with the Clerk of Court for the United States District Court for the Middle District of Florida.

(*See id.* ¶ 13.)  On September 14, 2021, Judge Steele ordered the Clerk of Court to return the

documents to counsel for the Funds, the New York law firm Spears & Imes LLP ("Spears &

Imes"), "for destruction or return pursuant to paragraph 18 of the" Protective Order.  (*Id.* ¶ 15;

*see also id.* ¶ 3.)  Judge Steele also issued a stay, which prevented Spears & Imes from

destroying the materials until May 16, 2022 at 6:00 p.m.  (*See id.* ¶¶ 17, 20.)[3]

On February 10, 2022, Princely Judge Tatjana Nigg of the Liechtenstein Princely Court

sent a letter to both Devine's counsel and Judge Steele in the Middle District of Florida, asking

that some of the Funds' confidential documents be produced to Judge Nigg for use in criminal

proceedings against Devine in the Liechtenstein Princely Court.  (Pet'r's Mem. ¶ 18; *see also id.*

¶¶ 22–32.)  On March 21, 2022, Devine filed a motion asking Judge Steele for assistance in

complying with Judge Nigg's request.  (*See id.* ¶ 19.)  On April 14, 2022, Judge Steele denied

Devine's motion, and on April 22, 2022, Devine filed an appeal of that decision, which remains

pending.  (*See id.*)

On May 11, 2022, Devine filed the instant ex parte motion for judicial assistance

pursuant to 28 U.S.C. § 1782 in the Southern District of New York, asking me to allow her to

subpoena Spears & Imes for the Funds' confidential documents, which had been requested by

the Liechtenstein Princely Court.[4]  (Doc. 1.)  Specifically, Devine intends to subpoena "[a]ll

---

[3] On May 10, 2022, Devine filed a motion asking the Eleventh Circuit to extend the stay pending the outcome of her appeals; however, on May 13, 2022, the Eleventh Circuit denied her motion, and noted that "[t]he Clerk is directed to treat any motion for reconsideration of this order as a non-emergency matter."  (*See id.* ¶ 20; *see also* Doc. 10-1; *Absolute Activist Value Master Fund Ltd., et al. v. Devine*, No. 21-13587-BB (11th Cir. May 13, 2022).)

[4] Although requests for judicial assistance pursuant to 28 U.S.C. § 1782 are often filed ex parte, *see, e.g.*, *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (collecting cases), in light of the extensive litigation related to these documents in the Middle District of Florida and the Eleventh Circuit, it is not clear why Devine initially filed her motion ex parte.  Indeed, Devine does not appear to make any argument in her papers to justify the filing of her motion ex parte.

documents received from the Clerk of Court of the United States District Court for the Middle District of Florida on or around September 16, 2021 in connection with the proceedings numbered 2:15-cv-328-JES-MRM." (Doc. 1-1, at 5.)  A day after filing her motion, Devine filed another motion seeking expedited consideration of her motion for judicial assistance, arguing that if the stay were not extended, Spears & Imes would be permitted to destroy the documents at issue after 6 p.m. on May 16, 2022. (Doc. 8.)  Devine represents that Spears & Imes has "the only set" of "the confidential documents requested by Judge Nigg" "in the control of any U.S.-based entity." (Pet'r's Br. ¶ 20.)

On May 13, 2022, Spears & Imes appeared in these proceedings and filed a letter response to Devine's motion.  (Doc. 9.)  Spears & Imes argues that the Funds are the "real parties in interest with regard to the requested materials," and informs me that the law firm of Kozyak Tropin & Throckmorton LLP ("Kozyak Tropin") in Miami, Florida is currently lead counsel for the Funds, not Spears & Imes.  (*Id.*)  Spears & Imes requests that I "defer any ruling on Ms. Devine's Motion until lead counsel for the Funds has had an opportunity to make an appearance on behalf of the Funds." (*Id.*)  Later the same day, Devine filed a notice indicating that she does not object to Spears & Imes' request, "so long as the Court enters a temporary stay and/or orders Spears & Imes LLP to preserve the documents at issue pending the outcome of these proceedings." (Doc. 10.)  On May 16, 2022, I issued an order that Spears & Imes preserve the documents at issue pending the outcome of this proceeding.  (Doc. 11.)  I also advised that I would "issue a detailed written opinion shortly" and that my order concerning document preservation "should not be viewed as any indication concerning what the ultimate decision will be." (*Id.*)

On May 18, 2022, counsel from Kozyak Tropin filed a motion to appear pro hac vice on

4

behalf of the Funds.[5]  (Doc. 12.)  The Funds reiterate that "Spears & Imes is no longer counsel

for the Funds and has no stake in this dispute," and that "[b]ut for the Middle District of

Florida's stay, Spears & Imes would not have been in possession of the Funds' records."  (Doc.

13 ("Funds' Br."), at 3.)  Accordingly, the Funds move to intervene as interested parties, and

move to transfer the action to the Middle District of Florida, "which has overseen this litigation

since 2015 and whose protective order is the genesis for this dispute."  (*Id.* at 1.)

## II.    <u>Discussion</u>

### A.    *Motion to Intervene*

#### 1.    **Applicable Law**

"[S]tanding to oppose subpoenas issued under § 1782 is [not] limited to the subpoenaed

witness."  *In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) (citations and

internal quotation marks omitted).  "[T]he ultimate targets of a § 1782 discovery order issued to

third parties have standing to challenge the district court's power to issue a subpoena under the

terms of an authorizing statute."  *Id.*  To establish intervention as of right pursuant to Rule 24(a),

"[a]n applicant must (1) timely file an application, (2) show an interest in the action, (3)

demonstrate that the interest may be impaired by the disposition of the action, and (4) show that

the interest is not adequately protected by the parties to the action."  *United States v. City of New

York*, 198 F.3d 360, 364 (2d Cir. 1999).  In exercising my broad discretion to determine whether

an applicant is entitled to permissive intervention under Rule 24(b), I consider these same

factors, as well as whether the proposed intervention will unduly delay or prejudice the

adjudication of the parties' rights.  *See In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300

---

[5] The Funds claim that they are making "a special appearance solely to seek transfer of venue to the Middle District of Florida because [they claim that I] lack[] personal jurisdiction over [them]."  (Doc. 13, at 1 n.1.)

n.5 (2d Cir. 2003); *MASTR Adjustable Rate Mortgs. Trust 2006–OA3 v. UBS Real Estate Sec., Inc.*, No. 12 Civ. 7322(HB), 2013 WL 139636, at *2 (S.D.N.Y. Jan. 11, 2013).  In evaluating whether the requirements for intervention are met, courts "accept as true the non-conclusory allegations of the motion." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009) (citation omitted); *accord Floyd v. City of New York*, 302 F.R.D. 69, 83 (S.D.N.Y. 2014).

### 2.  Application

While the § 1782 application is directed at Spears & Imes, Devine is explicitly seeking confidential documents belonging to the Funds, which are only in the temporary custody of Spears & Imes.  (*See* Pet'r's Br. ¶¶ 13, 18, 20.)  Therefore, the Funds are "ultimate targets" of the § 1782 application and thus have standing to challenge the issuance of § 1782 subpoenas under the Rules of Civil Procedure and under the statute itself.  *In re Application of Sarrio*, 119 F.3d at 148; *see also In re Letter Rogatory from Justice Court, Montreal*, 523 F.2d 562, 564 (6th Cir. 1975).  I also analyze whether the Funds are entitled to permissive intervention, and conclude that permissive intervention is appropriate.  *See In re Hornbeam Corp.*, 14 Misc. 424 (Part 1), 2015 WL 13647606, at *2 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F. App'x 7 (2d Cir. 2018).  I find the Funds timely moved to intervene six days after receiving notification of the ex parte application.  (*See* Funds' Br. 4.)  The Funds clearly "have an interest in protecting their confidential documents from disclosure to third parties."  (*Id.* at 4–5.)  However, the Funds' interest may not be "adequately protected by the parties to the action" since Spears & Imes is no longer counsel for the Funds; indeed, "[t]he Funds desire to retake possession of their confidential documents" from Spears & Imes.  (*Id.* at 4, 6.)  Finally, the proposed intervention will not unduly delay or prejudice the adjudication of the parties' rights.  Devine has no need for

expedited consideration now that I have ordered Spears & Imes to preserve the documents pending the outcome of this proceeding.  (Doc. 11.)  For the foregoing reasons, the Funds' motion to intervene is GRANTED.

### B.    *Motion to Transfer*

#### 1.   **Applicable Law**

Section 1404(a) allows a district court to transfer an action to any other district court where venue is proper, "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted); *accord AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004).  Absent consent, "[a] motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate."  *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (internal quotation marks omitted); *accord Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d Cir. 2000); *Rush v. Fischer*, 923 F. Supp. 2d 545, 554 (S.D.N.Y. 2013).  "The power of district courts to transfer cases under Section 1404(a) *sua sponte . . .* is well established."  *Cento Pearl v. Arts & Craft Supply Inc.*, No. 03 Civ. 2424(LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) (collecting cases) (transferring venue sua sponte after applying the two-part inquiry under 28 U.S.C. § 1404(a)).

An action "might have been brought" in the transferee forum if subject matter jurisdiction, personal jurisdiction, and venue would have been proper in the transferee court at

the time of filing.  *See ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008);

*Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004).  Section 1782

provides that "[t]he district court of the district in which a person resides or is found may order

him to [provide discovery] for use in a proceeding in a foreign or international tribunal."  28

U.S.C. § 1782(a).  The Second Circuit has held that "§ 1782's 'resides or is found' language

extends to the limits of personal jurisdiction consistent with due process."  *In re del Valle Ruiz*,

939 F.3d 520, 528 (2d Cir. 2019).

Courts may exercise either general or specific personal jurisdiction.  *Daimler AG v.

Bauman*, 571 U.S. 117, 122  (2014).  General jurisdiction allows a court to adjudicate "any and

all" claims against a respondent, regardless of whether the claims are connected to the forum

state.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  Specific

jurisdiction renders a respondent amenable to suit only with respect to claims "arising out of or

relating to the [respondent]'s contacts with the forum."  *Helicopteros Nacionales de Colombia,

S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Goodyear*, 564 U.S. at 919.  Although "[t]he Supreme

Court has not . . . addressed specific jurisdiction over nonparties," the Second Circuit has

recognized that "[l]ower federal courts presented with the issue have adapted the test for civil

defendants for use in assessing the question whether they may properly exercise jurisdiction over

a nonparty."  *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 136–37 (2d Cir. 2014).

Accordingly, "[e]ven without general personal jurisdiction, the Court may obtain specific

personal jurisdiction over [the subject of a § 1782 application]."  *In re Del Valle Ruiz*, 342 F.

Supp. 3d 448, 458 (S.D.N.Y. 2018), *aff'd sub nom. In re del Valle Ruiz*, 939 F.3d; *see also In re

Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 383–84 (S.D.N.Y. 2019) (analyzing whether the court

had specific jurisdiction over the subject of a § 1782 application); *Australia & New Zealand*

*Banking Grp. Ltd. v. APR Energy Holding Ltd.*, No. 17-MC-00216 (VEC), 2017 WL 3841874, at

\*5 (S.D.N.Y. Sept. 1, 2017) (same).

      The exercise of specific jurisdiction requires a two-step analysis.  *See, e.g., Licci ex rel.*

*Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013); *In re del Valle Ruiz*,

939 F.3d at 529 (applying the two-step analysis to a § 1782 order).  First, courts "evaluate the

quality and nature of the [respondent]'s contacts with the forum . . . under a totality of the

circumstances test."  *Licci*, 732 F.3d at 170 (internal quotation marks omitted).  To determine

whether sufficient minimum contacts exist, "[t]he crucial question is whether the defendant has

'purposefully availed itself of the privilege of conducting activities within the forum State, thus

invoking the benefits and protections of its laws, such that the defendant should reasonably

anticipate being haled into court there.'"  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242–43

(2d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)).

Second, if the respondent purposefully established minimum contacts with the forum, the court

must be satisfied that exercising jurisdiction comports with due process and "does not offend

traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945) (internal quotation marks omitted); *see also SEC v. Straub*, 921 F. Supp. 2d 244,

252 (S.D.N.Y. 2013) ("If [minimum] contacts are found, the Court may assert personal

jurisdiction so long as it is reasonable to do so under the circumstances of the particular case."

(internal quotation marks omitted)).

      After deciding that the action to be transferred might have been brought in the transferee

court, the court must ask whether a transfer is appropriate, considering the convenience of parties

and witnesses and the interest of justice.  With regard to the second part of the transfer inquiry,

factors to be considered include:  (1) the plaintiff's choice of forum, (2) the convenience of

witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006). The analysis may incorporate "various public-interest considerations," including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 62 & n.6 (2013) (internal quotation marks omitted). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co.*, 462 F.3d at 106. Moreover, in applying the aforementioned factors, "each factor need not be afforded equal weight, and other factors may be considered." *See Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998) (internal quotation marks omitted).

## 2.  Application

This motion for judicial assistance could have been brought in the Middle District of Florida because the District Court for the Middle District of Florida can assert personal jurisdiction over Spears & Imes. An out-of-state law firm's actions on behalf of a client can establish specific personal jurisdiction over the law firm with respect to claims arising out of the firm's representation. *See, e.g.*, *Newmont Mining Corp. v. AngloGold Ashanti Ltd.*, 344 F. Supp. 3d 724, 742 (S.D.N.Y. 2018) (asserting specific jurisdiction over a lawyer where the lawyer's "engagement in the negotiation and closing of the contract at issue . . . created a sufficiently

10

'substantial' connection with" the forum); *Trinity Indus., Inc. v. Myers & Assocs., Ltd.*, 41 F.3d 229, 231 (5th Cir. 1995) (finding lawyers had "purposefully availed themselves of the privilege of doing business in Texas," when, among other things, the lawyers had "appeared pro hac vice for [a client] in the Northern District of Texas" "[o]ver a three-year period"); *W. Thrift & Loan Corp. v. Rucci*, No. CIV. 11-3644 JNE/TNL, 2012 WL 1021681, at *3 (D. Minn. Mar. 27, 2012) (finding a "pro hac vice application . . . in a related manner . . . establish[ed] specific personal jurisdiction"); *Kansas Tpk. Auth. v. Barr Bros. & Co.*, No. CIV. A. 89-2176-S, 1989 WL 117314, at *2 (D. Kan. Sept. 11, 1989) (finding specific personal jurisdiction over lawyers who had, among other things, "mov[ed] for and obtain[ed] admission pro hac vice to Kansas courts," "enter[ed] into a contract with a Kansas law firm for services as local counsel," and "fil[ed] numerous pleadings and motions seeking relief in Kansas courts"); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 130 (2d Cir. 2002) (reversing the district court and finding a Puerto Rican law firm's "efforts to promote and maintain a client base" constituted purposeful availment).

Here, Spears & Imes engaged in years of litigation on behalf of the Funds in the Middle District of Florida. *See generally Devine*, No. 2:15-cv-328 (M.D. Fla.). Attorneys from Spears & Imes moved for and obtained admission pro hac vice in the Middle District of Florida. *See* Doc. 8, *Devine*, No. 2:15-cv-328 (M.D. Fla. June 6, 2015). Most importantly, attorneys from Spears & Imes personally signed, and thus consented to be bound by, the Protective Order filed in the Middle District of Florida, which governs the handling of the documents at issue. *See* Protective Order. Under the "totality of the circumstances," Spears & Imes can expect to be "haled" back "into court" in the Middle District of Florida to address direct or tangential disputes arising out of the Protective Order that it filed there on behalf of a client. *Licci*, 732 F.3d at 170;

*Best Van Lines*, 490 F.3d at 242–43.  Therefore, I find that Spears & Imes has sufficient minimum contacts in Florida with respect to this matter.  Furthermore, considering "traditional notions of fair play and substantial justice," it is eminently reasonable for a court in the Middle District of Florida to assert personal jurisdiction over Spears & Imes as an agent of the Funds, "under the circumstances of [this] particular case."  *Straub*, 921 F. Supp. 2d at 252; *cf. Bank Brussels Lambert*, 305 F.3d at 129 ("[W]e see nothing fundamentally unfair about requiring the firm to defend itself in the New York courts when a dispute arises from its representation of a New York client[.]").[6]

Likewise, venue is proper in the Middle District of Florida.  A plaintiff may bring a civil action, among other places, in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  Here, the documents at issue were produced in litigation in the Middle District of Florida, subject to a protective order entered in the Middle District of Florida, which was interpreted by a district court sitting in the Middle District of Florida, and the documents were deposited with the Clerk of Court in the Middle District of Florida, before a district court sitting in the Middle District of Florida ordered the documents sent to Spears & Imes.  Accordingly, "a substantial part of the events or omissions giving rise to" Devine's § 1782 application occurred in the Middle District of Florida.

The first step in the inquiry having been satisfied, I move to the second step, and find that a transfer to the Middle District of Florida is "in the interest of justice."  Admittedly, some

---

[6] Judge Steele previously said in a footnote that "28 U.S.C. § 1782 does not apply to [the Funds] as [the Funds] do not reside, nor are they found, in this district."  Doc. 535, at 9 n.6, *Devine*, No. 2:15-cv-328 (M.D. Fla. Mar. 15, 2017).  However, the Funds argue that "[v]enue should also be transferred to the Middle District of Florida as that is the only court with personal jurisdiction over the Funds (the only party with an interest in the confidential documents Devine's subpoena seeks) with respect to these matters."  (Funds' Br. 6.)  Thus, the Funds apparently concede that the Middle District of Florida would have jurisdiction over the Funds for purposes of § 1782.  However, I need not decide that issue here, since I find that the Middle District of Florida may assert personal jurisdiction over Spears & Imes, the Respondent to the proposed § 1782 subpoena and signatory to the Protective Order.

factors support allowing this case to proceed in the Southern District of New York.  For example,

I give due weight to Devine's choice of forum, and there appears to be no dispute that the

relevant documents are currently located in Spears & Imes' offices in Manhattan.  *See N.Y.*

*Marine*, 599 F.3d at 112; *see also In re Application of Schmitz*, 259 F. Supp. 2d 294, 296–97

(S.D.N.Y. 2003), *aff'd sub nom. Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79 (2d

Cir. 2004) (finding that "the facial requirements of section 1782 ha[d] been met" when the

petitioner filed a motion for judicial assistance in the Southern District of New York seeking

documents temporarily in the custody of a New York law firm).  However, these are not the

only, or the most important, considerations.  A central consideration here is that Devine appears

to be engaged in forum-shopping.  Devine has filed a litany of motions and appeals in the Middle

District of Florida and Eleventh Circuit, and after not getting the results she argued for in her

those forums, she has turned to this district for ex parte emergency relief.  Allowing Devine to

proceed before me in a duplicative proceeding creates a risk of contradictory rulings.[7]  *See, e.g.*,

*Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 451–52 (E.D.N.Y. 2011) ("[T]here is a strong

policy favoring the litigation of related claims in the same tribunal in order that . . . duplicitous

litigation can be avoided, thereby saving time and expense for both parties and witnesses, and

inconsistent results can be avoided." (quoting *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619

(2d Cir. 1968)).  Indeed, one of Devine's pending appeals appears to seek the exact same relief

she seeks from me, under a different procedural vehicle.  (*See* Pet'r's Br. ¶ 19 ("On March 21,

2022, Ms. Devine filed a motion [with the Middle District of Florida] to enforce the Protective

Order in which she sought the Court's assistance in her effort to comply with Liechtenstein's

---

[7] This is hardly a theoretical concern, since my order that Spears & Imes preserve the documents at issue—while necessary to resolve the pending motion on its merits—is at odds with orders from both Judge Steele and the Eleventh Circuit.  (*See* Doc. 849, *Devine*, No. 2:15-cv-328 (M.D. Fla. May 18, 2022), ("Finding no further stay Order on this docket or on the Eleventh Circuit docket, the stay is considered lifted.").)

request for the production of the confidential documents at issue.  Judge Steele denied Ms.

Devine's motion on April 14, 2022.  Ms. Devine appealed Judge Steele's order to the Eleventh

Circuit, and that appeal is presently pending." (internal citations omitted)).)[8]  Unlike me, Judge

Steele and the Eleventh Circuit have deep familiarity with this case.  Allowing the District Court

for the Middle District of Florida to resolve this motion conserves judicial resources.  *See, e.g.*,

*Mastr Asset Backed Sec. Tr. 2007-WMC1, ex rel. U.S. Bank Nat. Ass'n v. WMC Mortg. LLC*, 880

F. Supp. 2d 418, 424 (S.D.N.Y. 2012) ("Many courts have recognized that transfer is appropriate

when two cases involving the same issues are simultaneously pending in different district

courts." (internal quotation marks omitted)) (collecting cases).  Under the circumstances

presented here, I find this action belongs in the Middle District of Florida.  For the foregoing

reasons, the Funds' motion to transfer is GRANTED.

   However, out of an abundance of caution, I reiterate my order that Spears & Imes

preserve the documents at issue, pending the outcome of this proceeding in the Middle District of

Florida.  By issuing this order, I am in no way weighing in on what the final adjudication of

Devine's motion will or should be.  Rather, recognizing that destruction of the documents will in

all likelihood moot Devine's motion, I order that Spears & Imes refrain from destroying the

documents until such time as the District Court in the Middle District of Florida issues its ruling

on Devine's motion and/or relieves Spears & Imes from preserving the documents at issue.

---

[8] Although Judge Steele found he had jurisdiction over Devine's motion, Judge Steele denied Devine's motion because "there is a letter request directed at defendant but no subpoena or court order."  (Doc. 842, at 3–4, *Devine*, No. 2:15-cv-328 (M.D. Fla. Apr. 14, 2022).)

### III.   <u>**Conclusion**</u>

For the reasons stated herein, the Funds' motion to intervene and transfer the case is

GRANTED.  It is hereby ORDERED that (1) this matter be remanded to the Middle District of

Florida, Fort Myers Division, with a recommendation that the case be referred to Judge John E.

Steele as related to *Activist Value Master Fund Limited et al. v. Devine*, No. 2:15-cv-00328-JES-

MRM (M.D. Fla.), and (2) Spears & Imes preserve the documents at issue pending the outcome

of this proceeding.  The Clerk of Court is directed to terminate the open motions and to remand

the case forthwith to the Middle District of Florida, Fort Myers Division.

SO ORDERED.

Dated: May 25, 2022
       New York, New York

Vernon S. Broderick
United States District Judge