UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
*In Re Request of Susan Devine for Judicial* : 22-MC-133 (VSB)
*Assistance pursuant to 28 U.S.C. § 1782 for* :
*the Liechtenstein Princely Court.* : **OPINION & ORDER**
:
:
------------------------------------------------------------X

Carl Francis Schoeppl
Schoeppl Law P.A.
Boca Raton, FL

Matthew David Lee
Fox Rothschild LLP (PA)
Philadelphia, PA
*Counsels for Petitioner*

David Spears
Spears & Imes, L.L.P.
New York, NY
*Counsel for Respondent*

Dwayne Antonio Robinson
Eric Samuel Kay
Kozyak Tropin & Throckmorton
Coral Gables, FL
*Counsel for Interested Parties*

VERNON S. BRODERICK, United States District Judge:

On May 11, 2022, Petitioner Susan Devine ("Devine" or "Petitioner") filed an ex parte motion for judicial assistance pursuant to 28 U.S.C. § 1782 requesting permission to subpoena the law firm Spears & Imes LLP ("Spears & Imes"). (Doc. 1.) Before me is Petitioner's motion for reconsideration of my May 25, 2022 Opinion & Order ("Opinion") transferring this case to the Middle District of Florida. (Doc. 19.) Because Petitioner provides no matters that might reasonably be expected to alter my Opinion, the motion for reconsideration is DENIED.

I.  **Factual Background**[1]

Petitioner seeks confidential documents that are currently in the custody of a New York law firm, Spears & Imes, after having been produced in *Activist Value Master Fund Ltd. et al. v. Devine*, No. 2:15-cv-328 (M.D. Fla.). (Doc. 1; *see generally* Doc. 3.)  In that litigation, nine hedge funds incorporated in the Cayman Islands (the "Funds") sued Devine in the United States District Court for the Middle District of Florida alleging securities fraud under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d). (*See* Doc. 3 ¶¶ 2, 4; *see generally Devine*, No. 2:15-cv-328 (M.D. Fla.).)  As part of that lawsuit, the Funds produced certain confidential documents to Devine under a protective order. (*See* Doc. 3 ¶ 5; *see also* Doc. 64 ("Protective Order"), *Devine*, No. 2:15-cv-328 (M.D. Fla. July 30, 2015).)  On February 14, 2018, the Funds filed a notice of voluntary dismissal of their Middle District of Florida lawsuit. (*See* Doc. 3 ¶ 9.)  Thereafter, the judge assigned to the case, Judge John E. Steele, ordered the return of the Funds' confidential documents to the Funds' law firm, Spears & Imes, "for destruction or return" to the Funds pursuant to the protective order filed in that case. (*Id.* ¶¶ 13, 15.)

On February 10, 2022, Princely Judge Tatjana Nigg of the Liechtenstein Princely Court sent a letter to both Devine's counsel and Judge Steele in the Middle District of Florida, asking that some of the Funds' confidential documents be produced to Judge Nigg for use in criminal proceedings against Devine in the Liechtenstein Princely Court. (*See id.* ¶¶ 18, 26; *see also id.* ¶¶ 22–32.)  On March 21, 2022, Devine filed a motion asking Judge Steele for assistance in complying with Judge Nigg's request. (*See id.* ¶ 19.)  On April 14, 2022, Judge Steele denied

---

[1] In this Opinion & Order, I presume familiarity with this action's procedural history and with my Opinion, (Doc. 18 ("O&O")), so I only provide a brief overview here.  I make no findings of fact in this section, but merely provide certain background information related to this action in order to provide context.

Devine's motion, and on April 22, 2022, Devine filed an appeal of that decision, which remains pending in the Eleventh Circuit. (*See id.*)

On May 11, 2022, Devine filed an ex parte § 1782 application asking me to allow her to subpoena Spears & Imes for the Funds' confidential documents that had been requested by the Liechtenstein Princely Court. (Doc. 1.) Specifically, Devine seeks to subpoena "[a]ll documents received from the Clerk of Court of the U.S. District Court for the Middle District of Florida on or around September 16, 2021 in connection with the proceedings numbered 2:15-cv-328-JES-MRM." (Doc. 1-1, at 5.)

On May 13, 2022, Spears & Imes appeared in these proceedings and filed a letter response to Devine's motion. (Doc. 9.) Spears & Imes argued that the Funds are the "real parties in interest with regard to the requested materials," and represented that the law firm of Kozyak Tropin & Throckmorton LLP ("Kozyak Tropin") in Miami, Florida is currently lead counsel for the Funds, not Spears & Imes. (*Id.*) On May 16, 2022, I issued an order that Spears & Imes preserve the documents at issue pending the outcome of this proceeding. (Doc. 11.) On May 18, 2022, counsel from Kozyak Tropin filed a motion to appear pro hac vice on behalf of the Funds,[2] (Doc. 12), and filed a motion to intervene as interested parties and to transfer the action to the Middle District of Florida, (Doc. 13).

On May 25, 2022, I issued the Opinion, which granted the Funds' motion to intervene and transferred the case to the Middle District of Florida, Fort Myers Division, with a recommendation that the case be referred to Judge John E. Steele as related to *Devine*, No. 2:15-cv-328 (M.D. Fla.). (Doc. 18.) I also ordered Spears & Imes to preserve the documents at issue

---

[2] The Funds claimed that they were making "a special appearance solely to seek transfer of venue to the Middle District of Florida because [they claim that I] lack[] personal jurisdiction over [them]." (Doc. 13, at 1 n.1.)

pending a decision by the United States District Court of the Middle District of Florida. (*Id.*)

On May 31, 2022, Devine filed the instant motion for reconsideration. (Doc. 19.) Devine argues that I erred in two ways: first, by applying Second Circuit law instead of Eleventh Circuit law "to assess whether the Middle District can exercise jurisdiction over Spears & Imes under § 1782"; and second, by "accepting the Funds' unsupported claim that 'Spears & Imes is no longer counsel for the Funds.'" (Doc. 20 ("Pet'r's Mem."), at 2, 14.) On June 8, 2022, the Funds filed an opposition, disputing Devine's arguments and adding that "this Court lacks jurisdiction to claw back these proceedings from the Middle District of Florida now that these proceedings have been transferred and docketed before Judge Steele." (Doc. 21 ("Funds' Opp."), at 1.) On June 13, 2022, Devine filed a reply. (Doc. 22 ("Pet'r's Reply").)

## II. Legal Standards

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

### III.     Discussion

As an initial matter, I find that I have jurisdiction to resolve Devine's motion for reconsideration. First, when a petitioner has shown "diligence" in moving for reconsideration before the transfer was effectuated, the transferor court can "request the transferee court to return the case." *In re Warrick*, 70 F.3d 736, 740 (2d Cir. 1995) (quoting *NBS Imaging Sys. v. United States Dist. Court*, 841 F.2d 297, 298 (9th Cir. 1988)). Here, Devine moved for reconsideration on May 31, 2022, two days "prior to receipt of the action's papers by the clerk of the transferee court" on June 2, 2022, *Warrick*, 70 F.3d at 739, so I could request the case be returned to me. (*See* Doc. 19, *In Re: Request of Susan Devine for Judicial Assistance pursuant to 28 U.S.C. § 1782 for the Liechtenstein Princely Court*, 2:22-mc-8 (M.D. Fla. June 2, 2022) (text order confirming the case file was "received electronically").) Second, even if Devine had moved for reconsideration after the case had been transferred, the Second Circuit has held that "the clerk's physical transfer of the file" will not "destroy[]" a district court's jurisdiction over the question of "whether the district court had power to order the transfer" in the first place. *Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir. 1969). Because Devine argues that I "erred in transferring the case to the Middle District because it is not a district in which this action could have been brought against Spears & Imes," (Pet'r's Reply 4), Devine's motion concerns whether I "had power to order the transfer," and I therefore retain jurisdiction to decide that issue. *See also Tlapanco v. Elges*, 15-cv-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding the court "retain[ed] jurisdiction to resolve the motion for reconsideration" despite "having transferred this case to the Eastern District of Michigan").

Although I have jurisdiction over the motion for reconsideration, I find that Devine has not pointed to any "matters . . . that might reasonably be expected to alter the conclusion[s]" I

5

reached in my Opinion. *Shrader*, 70 F.3d at 257. Devine failed to provide any legal authority for her argument that I should have applied Eleventh Circuit law, rather than Second Circuit law. (*See generally* Pet'r's Br. 1, 5, 6–10.) Courts must "defer conclusively to another circuit's judgment only when that court of appeals' decision addressed questions of *state* law from a state within that circuit;" there is "no obligation to defer to a foreign circuit's views on *federal* law." *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 90 (2d Cir. 2006), *aff'd sub nom. Warner-Lambert Co., LLC v. Kent*, 552 U.S. 440 (2008). "This obligation does not change in the context of transferred cases." *Id.* at 91; *see also U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 149–50 (2d Cir. 2019) ("When deciding whether personal jurisdiction over a defendant exists in a district court that falls outside this Circuit, we need not predict how our sister circuit would decide the question."). Section 1782 is a federal statute, and I am bound to interpret it according to Second Circuit precedent, not Eleventh Circuit precedent. *Cf. Dish Network Corp. v. Ace Am. Ins. Co.*, 431 F. Supp. 3d 415, 425 (S.D.N.Y. 2019) ("[F]ederal courts have an obligation to engage in independent analysis, with binding precedent set only by the Supreme Court and the Court of Appeals for that circuit." (citation omitted)), *aff'd*, 21 F.4th 207 (2d Cir. 2021).

Even if Eleventh Circuit law were binding here, Devine identifies no "controlling decisions" in the Eleventh Circuit contrary to my Opinion. *Shrader*, 70 F.3d at 257. Instead, Devine cites only Southern District of Florida decisions, which she concedes are not binding on the Middle District of Florida or anywhere else. (*See* Pet'r's Br. 9 n.6; *see also id.* 7–8 (*citing In re da Costa Pinto*, CASE NO. 17-22784-MC-COOKE/GOODMAN, 2019 WL 3409488, at *6 (S.D. Fla. May 16, 2019); *In re MTS Bank*, Case No. 17-21545-MC-WILLIAMS/TORRES, 2017 WL 3155362, at *4 (S.D. Fla. July 25, 2017); *In re Deposito Centralizado de*

6

*Compensacion y Liquidacion de Valores Decevale, S.A.*, CASE NO. 20-25212-MC-SCOLA/TORRES, 2021 WL 2323226, at *5 (S.D. Fla. June 1, 2021)).)  The parties debate the meaning of these decisions, (*see* Pet'r's Br. 7–9; Funds' Opp. 2; Pet'r's Reply 5–7); however, the dispute is irrelevant, and I need not resolve it, since the opinions are not binding.

      Devine also argues that Spears & Imes appears to remain counsel for the Funds.  (*See* Pet'r's Br. 10–13.)  As evidence, Devine notes that counsel from Spears & Imes have not withdrawn from *Devine*, No. 2:15-cv-328 (M.D. Fla.), (*see id.* at 11–12), and that counsel from Spears & Imes had emailed counsel for Devine in September 2021, (*see id.* at 12–13).  Devine further argues that the Funds, in contrast, have "cited no evidence for their conclusory assertion that Spears & Imes is the Funds' 'former'—but not current—counsel."  (*Id.* at 11.)  Spears & Imes did, however, file a letter indicating that "[l]ead counsel for the Funds at this time in the District Court and Eleventh Circuit proceedings is the law firm of Kozyak Tropin & Throckmorton LLP."  (Doc. 9.)  Courts normally take this kind of representation by counsel at face value.  *Cf. State of New York v. Solvent Chem. Co.*, 875 F. Supp. 1015, 1020 (W.D.N.Y. 1995) ("[U]nder Fed. R. Civ. P. 11(b), the submission of a [filing] by an attorney constitutes a certification that, to the best of the attorney's knowledge, the allegations made in the [filing] have, or are likely to have, evidentiary support.  A court may rely upon that certification unless it is presented with good reasons not to." (emphasis omitted)).  Moreover, Kozyak Tropin signed the briefs filed in recent appeals, not Spears & Imes. (*See* Funds' Opp. 3–4 (citing, *e.g.*, Brief in Opposition, *Devine v. Absolute Activist Value Master Fund, Ltd.*, No. 21-622 (U.S. Feb. 17, 2022); Plaintiff-Appellees' Response to Defendant-Appellant's Time-Sensitive Motion to Stay District Court's Order Pending Appeal, *Absolute Activist Value Master Fund Ltd. v. Devine*, No. 21-13587 (11th Cir. May 13, 2022)).)

In any event, as the Funds correctly note, my "analysis on venue transfer did not hinge on whether the Funds retained new counsel." (Funds' Opp. 3 n.1.) Devine fails to explain why this purported information about the Funds' counsel "is precisely the type of new evidence that merits reconsideration." (Pet'r's Br. 13.) Even assuming that Spears & Imes continues to represent the Funds in some capacity, I would still transfer this action to the Middle District of Florida. (O&O 11–12.)[3] Therefore, I do not see how Devine's arguments and claims related to the Funds' representation are in any way dispositive.[4]

Because Devine has not identified a misapplication of law or new facts to warrant reconsideration, there is no reason for me to deviate from my Opinion finding that a transfer to the Middle District of Florida is "in the interest of justice."

---

[3] While Devine disputes, for the first time on reply, my specific jurisdiction analysis, (*see* Pet'r's Reply 7–8), Spears & Imes' continued representation of the Funds in Middle District of Florida litigation would make the case for specific jurisdiction stronger, not weaker. Moreover, presumably since Spears & Imes was a signatory to the protective order issued in that litigation, Judge Steele would have the authority to enforce and interpret the protective order as it relates to Spears & Imes.

[4] Although Devine does not make a separate argument on this point, Devine at various times notes that I granted the transfer before she filed an opposition and had a chance to identify deficiencies in the Funds' arguments. (*See* Pet'r's Br. 1, 3 n.3, 4, 6, 13.) As I noted in my Opinion, "[t]he power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established." (O&O 7 (quoting *Cento Pearl v. Arts & Craft Supply Inc.*, No. 03 Civ. 2424(LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) (collecting cases))). Courts have this *sua sponte* power in part because "[t]he purpose of Section 1404(a) is to 'prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" (*Id.* (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted)).)

## IV. Conclusion

For the reasons stated herein, Devine's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate any open motions.

SO ORDERED.

Dated: July 5, 2022
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge